EDGAR L. MARSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20955.   Promulgated December 23, 1929.

*Charles R. Cowenhoven, Jr., Esq.,* and *H. Maurice Fridlund, Esq.,* for the petitioner.

*Hartford Allen, Esq.,* for the respondent.

### OPINION.

ARUNDELL: Respondent's position is that the losses sustained by petitioner within the year 1922, the amounts of which are not in controversy, may not be carried forward into subsequent years as net losses under section 204 of the Revenue Act of 1921, because during the year 1922 petitioner was not engaged in the carrying on of a trade or business. The contention apparently finds its basis in article 1601 of Regulations 62, wherein it is stated:

The term "net loss" as used in the statute means only a net loss resulting from the operation *during the taxable year* of any trade or business regularly carried on by the taxpayer. (Italics ours.)

We find nothing in section 204, however, which limits its application to instances where the net loss resulted from the operation of a trade or business within the year in which the loss was sustained. It is sufficient under the statute if the loss *results* from the operation of a trade or business, whether the taxpayer was so engaged during

the particular year or not. The purpose of section 204 was to relieve from the harsh rule that required one's tax liability to be determined solely from the happenings of a 12-month period. It is a relief provision and should be liberally construed.

There is no question that the petitioner during the year 1922 sustained certain losses which, as stated before, the respondent has accepted as properly deductible by petitioner within that year. It is equally clear from the evidence that the losses we propose to include in determining petitioner's net loss for the year 1922 were losses which resulted from the operations of Blair & Co., a partnership, which before its dissolution in 1920 was regularly engaged in carrying on a trade or business. It is our opinion that these facts bring the case squarely within the terms of section 204 and that any losses sustained by petitioner in 1922, resulting from the operation in prior years of Blair & Co., constitute a net loss within the meaning of the Act, and as such may be carried forward and used as a deduction against petitioner's 1923 net income.

There is no dispute about the amount of the items of gross income. The petitioner reported in his 1922 return, a gross profit from the sale of securities in the amount of $549,847.20, which amount was accepted by the respondent as correct. Losses totaling $27,203.94 were allowed by respondent as an offset to the profits leaving a net figure of $522,643.26. Petitioner, however, also sold at a loss certain securities owned by him jointly with other members of the former partnership. Petitioner's share of the losses on these transactions amounted to $9,638.10, and in our opinion these losses must be taken into consideration in determining the total net profit from the sale of all of the securities disposed of by the petitioner within the year 1922, which amount we have found to be $513,005.16.

The items of $128,578.69, $399,399.28, and $197,496.02, a total of $725,473.99, representing payments made by the petitioner in 1922 for liabilities incurred by him as a member of the former partnership, are losses sustained in the operation of a business regularly carried on within the meaning of section 204 of the taxing statute and should be considered in a determination of the petitioner's " net loss " for deduction purposes in the taxable year.

No evidence was offered to show whether the items of $45,402.33 and $465.40 claimed as deductions for interest and taxes, respectively, were paid in connection with any business regularly carried on by the petitioner. Accordingly, these items should not be considered in the computation of any net business loss.

As allowable contributions are based upon net income, and the petitioner did not have such income in the year 1922, the item of $500 claimed as a deduction for contributions may not be used to

increase the net business loss for the year. *Gerald Hughes*, 15 B. T. A. 215.

The testimony on the item of $292.02, claimed in the return as a deduction for office expenses, is too indefinite to make any findings of fact. It is, therefore, disallowed as a business expense.

The facts as to the item of $539.71 are insufficient to reach a conclusion that the loss was sustained in connection with a business regularly carried on by the petitioner. We have no information concerning the acquisition of the property or the purpose for which it was acquired. All we know is that in 1922 the expenses of operating the property exceeded the rents by $539.71.

The net loss of the petitioner for the year 1922, deductible from his net income for the taxable year, should be computed in accordance with the foregoing disposition of the various items.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

TRAMMELL and BLACK dissent.